## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ESMERALDO BURGOS-BALBUENA,<br><br>Defendant. | CRIMINAL NO. 16-287 (GAG) |

## REPORT AND RECOMMENDATION
## RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY)

### I. Procedural Background

On May 11, 2016, a grand jury returned an indictment against Esmeraldo Burgos-Balbuena, (hereinafter referred to as "defendant"). ECF No. 8. The defendant has agreed to plead guilty to counts one and two of the indictment. Count one charges on or about April 30, 2016, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this court, the defendant, knowingly and intentionally attempted to bring to the United States approximately thirty aliens, including, among others, an individual identified by the initials Y.F.U., knowing that said persons were aliens, at a place other than a port of entry as designated by the Secretary of Homeland Security; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i).

Count two charges that on or about April 30, 2016, in the District of Puerto Rico, and elsewhere, within the jurisdiction of this court, the defendant, being an alien previously removed from the United States, knowingly and intentionally attempted to enter the United States without obtaining, prior to his re-embarkation at a place outside the United States, the express consent

from the Secretary of Homeland Security to reapply for admission into the United States; all in violation of Title 8, United States Code, Section 1326(a).

## II. Consent to Proceed Before a Magistrate Judge

On August 31, 2017 while assisted by counsel, defendant, by consent, appeared before me in order to enter a plea of guilty as to counts one and two of the indictment. In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before this magistrate judge for purposes of entering his guilty plea to counts one and two of the indictment.

## III. Proceedings Under Rule 11, Federal Rules of Criminal Procedure

### A. Rule 11 Requirements

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)). United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

### B. Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1. To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2. To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3. To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4. To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses and observing his demeanor and taking into account counsel's belief that the defendant has fully understood his rights, it is determined that the defendant is aware of his constitutional rights.

**C. Consequences of Pleading Guilty**

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having him guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

In response to further questioning, defendant was explained and he understood that if convicted on count one, he is exposed to a term of imprisonment of not more than ten (10) years,

a fine not to exceed two hundred fifty thousand ($250,000.00) dollars, and a term of supervised release of not more than three (3) years.

As to count two, the defendant was explained, and he understood, that if convicted of this count, he is exposed to a term of imprisonment of not more than two (2) years, a fine not to exceed two hundred fifty thousand ($250,000.00) dollars, and a term of supervised release of not more than one (1) year.

The defendant was also explained what the supervised release term means and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. Furthermore, he was advised that parole has been abolished and that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone or simply because he disagrees with the sentence imposed. The defendant understood this.

### D. Absence of Plea Agreement

There is no plea agreement in this case. The defendant was explained that the court, upon imposing sentence, is not bound by the U.S. Sentencing Guidelines which are advisory. In addition, the defendant was advised that the court may impose any sentence up to the maximum possible penalty prescribed by statute. Defendant acknowledged having understood these explanations.

### E. Basis in Fact

At the change of plea hearing, the defendant admitted that the following facts are true:

On April 30, 2016, in the District of Puerto Rico and elsewhere within the jurisdiction of this court, defendant Esmeraldo Burgos-Balbuena knowingly and intentionally attempted to bring to the United States approximately thirty aliens, including, among others, an individual identified by the initials Y.F.U., knowing that said persons were aliens, at a place other than a port of entry as designated by the Secretary of Homeland Security. Also on said date, in Puerto Rico, the defendant, being an alien previously removed from the United States, knowingly and intentionally attempted to enter the United States without obtaining, prior to his re-embarkation at a place outside the United States, the express consent from the Secretary of Homeland Security to reapply for admission into the United States.

### F. Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

### G. Administrative Consequences

Defendant was warned, and he understood, that his decision to enter a guilty plea in this case may result in negative or adverse consequences regarding his immigration status in the United States.

### IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a "straight" plea of guilty as to counts one and two of the indictment. After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carry, understands that the

charges are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to counts one and two of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B). Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 12th day of September, 2017.

s/Marcos E. López<br>U.S. Magistrate Judge